PEDRO LUGO SERRANO, Plaintiff and Appellant, *v.* LUIS RIVERA SANTOS, ETC., Defendant and Appellee.

No. 558. Decided May 31, 1963.

*Francisco Quirós Méndez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Jorge Segarra Olivero, Assistant Solicitor General,* for the Secretary of Agriculture.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Early in July 1956 plaintiff filed an application for coffee plantation insurance against hurricane and hurricane winds. The Coffee Insurance Inspector in Utuado inspected plaintiff's farms and determined that the Coffee Insurance could insure 287.04 plantation cuerdas (coffee and shade trees).

The inspection reports and the sketches of the farms were sent to the Central Coffee Insurance Office. Since then plaintiff has repeatedly inquired from the inspector on the decision of his application, and was informed by him that the pertinent papers had been referred to the central office in San Juan and that he would be notified in due time of the amount of premium payable after the corresponding liquidation was

made.[1] However, the Coffee Insurance took no action on plaintiff's application, and it did not therefore notify him of the premium to be paid nor issue any policy covering the plantations against the risk of hurricane or hurricane winds. About 38 days elapsed from the time plaintiff made his insurance application until the occurrence of Santa Clara cyclone on August 12, 1956, causing damages to plaintiff's plantations. Two days later plaintiff claimed damages to the Coffee Insurance, but his claim was disallowed on the ground that the farms were not covered by any policy. Thereupon he filed a complaint before the Superior Court against the Secretary of Agriculture and Commerce and, on the basis of the facts which we have related and which were stipulated by the parties,[2] the court rendered judgment dismissing the complaint.

We are convinced that this case should be governed by the doctrine announced in *Pons* v. *Rivera*, 85 P.R.R. 502 (1962), and, hence, that the plantations of plaintiff-appellant were covered by a Coffee Insurance policy.

 A difference between the facts of one case and the other is that in *Pons* the farmer had paid the insurance premium while appellant herein had not. However, that circumstance does not render inapplicable the *Pons* doctrine to this case. The Regulation for Coffee Plantation Insurance does not require that the premium be paid in advance as a condition to consider perfected the insurance contract. The amount of the premium is sent to the Central Office as soon as it is determined and the application is duly approved. Rule No. IV. Appellant's failure to pay the premium in this case was due to the Coffee Insurance's own action in failing

---

[1] Plaintiff had made arrangements with the Banco de Ponce, Utuado Branch, to pay in due time the policy premiums determined by the Coffee Insurance.

[2] It was also stipulated "that in the event this Hon. Court grants plaintiff's claim, a hearing be set only for the purpose of establishing the damages sustained by the plantation of plaintiff's three farms."

to determine, as it was its duty to do, the amount of the premium and to give notice thereof to appellant. If this application had been approved, according to our holding in the *Pons* case, the nonpayment of the premium under the circumstances stated does not defeat the insured's right to the protection of the insurance contract.[3]

■ Apart from the reasons adduced in *Pons*, of the delay of the Coffee Insurance in considering plaintiff's application, it cannot nor should it be inferred that the application was rejected. The Coffee Insurance Regulation imposes on it the obligation to give written notice to the farmer-applicant of its determination that the plantation does not meet the minimum cultivation requirements, with pertinent recommendations in order that the coffee grower may correct the deficiencies noted and, once they are corrected, apply again for insurance. No deficiency was notified in this case notwithstanding the time elapsed, which is indicative that the plantation was insurable, all of which affords a reasonable basis to infer that plaintiff's application was approved.[4]

For the reasons stated, the judgment rendered by the Superior Court will be reversed and the case remanded for further proceedings.

---

[3] According to the last paragraph of Rule II, the policy shall be effective as of the moment and under the conditions in which *the application* may be approved.

[4] At no time has the Coffee Insurance stated the reasons for rejecting plaintiff's application.